[Civ. No. 24143.   Second Dist., Div. Three.   May 25, 1960.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Appellant, v. FRANK O. NOGARR et al., Defendants; ELAINE R. WILSON, Respondent.

George C. Hadley, R. B. Pegram and Ray M. Steele for Appellant.

Benjamin P. Riskin for Respondent.

SHINN, P. J.—Elaine R. Wilson and others, owners of several parcels of real property, were defendants in a condemnation action brought by the state. Elaine owned Parcel Number 10. Frank H. Wilson and Alice B. Wilson held a mortgage upon the parcel executed in 1954 by the now deceased husband of Elaine at a time when title stood in joint tenancy. Elaine, the mortgagees and the state stipulated to the market value of Parcel 10 and for judgment of condemnation. Thereafter, pursuant to section 1246.1, Code of Civil Procedure, there was tried the issue as to the existence of a mortgage lien upon the property. Elaine contended that upon the death of her former husband the lien of the mortgage became nonexistent. The trial court held otherwise and declared

that the mortgage debt was a charge against the award. Elaine appealed and the judgment was reversed, the court holding that the lien of the mortgage was extinguished upon the death of the joint tenant. (*People* v. *Nogarr*, 164 Cal.App.2d 591 [330 P.2d 858].) The state was not a party to the appeal.

Within 30 days after the remittitur went down, Elaine served upon counsel for Frank and Alice a memorandum claiming her costs on the appeal. Ten days later the cost bill containing the costs on the appeal was served upon plaintiff herein and filed. The state moved to tax costs and to strike out those items. The motion was denied and the state appealed.

There is, of course, no question as to the liability of a condemner for all proper costs incurred by the defendants in securing for themselves just compensation for what has been taken from them. The cases found in respondent's brief state this general principle, but respondent has cited no authority which tends to support her contention that the costs in question are chargeable against the state.

The law is found in section 1246.1, Code of Civil Procedure, which reads as follows: ''Where there are two or more estates or divided interests in property sought to be condemned, the plaintiff is entitled to have the amount of the award for said property first determined as between plaintiff and all defendants claiming any interest therein; thereafter in the same proceeding the respective rights of such defendants in and to the award shall be determined by the court, jury, or referee and the award apportioned accordingly. The costs of determining the apportionment of the award shall be allowed to the defendants and taxed against the plaintiff except that the costs of determining any issue as to title between two or more defendants shall be borne by the defendants in such proportion as the court may direct.''

Respondent relies upon the part of the section reading ''The costs of determining the apportionment of the award shall be allowed to the defendants and taxed against the plaintiff. . . .'' These are the costs of an apportionment that is made without the necessity of trying issues of title. The remainder of the section is controlling upon the facts. It reads ''except that the costs of determining any issue as to title between two or more defendants shall be borne by the defendants in such proportion as the court may direct.''

The litigation between Elaine and the mortgagees was clearly for the purpose of determining an issue as to title.

It would determine whether Elaine had a clear title, notwithstanding the apparent lien of the mortgage. Whatever the result of the litigation, disposition of the amount awarded for Parcel 10 would not be apportionment to which the state was a party or in which it would have an interest.

Under express provisions of the statute any litigation among defendants respecting title to a parcel must be carried on at their own expense and not at the expense of the state. It was error to deny appellant's motion.

It is unnecessary to decide appellant's further contention that the cost bill, claiming costs of the appeal, was of no effect because it was not served upon appellant within 30 days after the filing of the remittitur (Code Civ. Proc, § 1034).

The order is reversed.

Vallée, J., and Ford, J., concurred.